IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                CR No. 17-1915 KG

LARRY EDUARDO RIVERO,

    Defendant.

## MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION

This matter comes before the Court upon Defendant's Motion to Suppress ("Motion"), filed July 28, 2017. (Doc. 31). The United States filed an opposition response on August 11, 2017. (Doc. 34). In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Kevin R. Sweazea. Judge Swezea held a hearing on September 27, 2017, and entered Proposed Findings of Fact and a Recommended Disposition ("PFRD") on October 2, 2017. (Doc. No. 46).

Judge Sweazea recommended denying the Motion and notified the parties of their right to file written objections within fourteen days pursuant to 28 U.S.C. § 636(b)(1)(C). The objection deadline expired no later than October 17, 2017. (Doc. 46) at 25. Defendant filed his objection on October 18, 2017. (Doc. No. 47). The Court would be well within its rights to disregard the objection as untimely. *See, e.g.*, *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (holding that "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions"). However, in the interest of deciding the issue on the merits, and because the objection does not change the result, the Court will address Defendant's arguments below.

*I. Standard of Review*

Once a party has filed objections to a Magistrate Judge's PFRD, the Court must consider those objections *de novo.* Fed. R. Crim. P. 59(b)(3). After completing this review, "[t]he district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the [M]agistrate [J]udge with instructions." *Id.*

*II. Discussion*

In the PFRD, Judge Sweazea found that United States Border Patrol Agents Murillo, Velarde, and Tagle had a reasonable suspicion to stop Defendant for an immigration inspection. Judge Sweazea applied the factors set forth in *United States v. Brignoni-Ponce*, 422 U.S. 873 (1975), as amplified and defined by Tenth Circuit case law. Those factors include:

> (1) [the] characteristics of the area in which the vehicle is encountered; (2) the proximity of the area to the border; (3) the usual patterns of traffic on the particular road; (4) the previous experience of the agent with alien traffic; (5) information about recent illegal border crossings in the area; (6) the driver's behavior, including any obvious attempts to evade officers; (7) aspects of the vehicle, such as a station wagon with concealed compartments; and (8) the appearance that the vehicle is heavily loaded.

*United States v. Monsisvais*, 907 F.2d 987, 990 (10th Cir. 1990) (citing *Brignoni-Ponce*, 422 U.S. at 884-85).

As the PFRD points out, courts consider the "totality of the circumstances" in applying the *Brignoni-Ponce* factors. *United States v. Sokolow,* 490 U.S. 1, 8 (1989). The circumstances should "be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *United States v. Leyba,* 627 F.2d 1059, 1063 (10th Cir. 1980). Courts must "accord deference to an officer's ability to distinguish between innocent and suspicious actions." *United States v. Williams,* 271 F.3d 1262, 1268 (10th Cir. 2001). Further, "[w]hen evaluating an [agent's] decision to stop a vehicle, a court may not engage in a 'sort of

divide-and-conquer analysis' by evaluating and rejecting each factor in isolation." *United States v. Cheromiah,* 455 F.3d 1216, 1221 (10th Cir. 2006). Although certain factors "by themselves, may be 'consistent with innocent travel' [they] may collectively amount to reasonable suspicion." *Id.*

Here, Defendant concedes that Judge Sweazea's fact findings are correct but objects to his ultimate legal conclusion that the stop was supported by reasonable suspicion. Specifically, Defendant challenges the conclusion that Agent Tagle rationally inferred Defendant was using State Road 9 as an indirect route from Las Cruces to evade the immigration checkpoint on Interstate 10. (Doc. 46) at 21. Defendant argues Agent Tagle was merely speculating about his starting point (and therefore choice of route) based on the fact that the vehicle was registered in Las Cruces, New Mexico. *Id.*

Defendant is correct that that the registration city does not conclusively establish a starting point, nor would such information support reasonable suspicion in isolation. *See, e.g., United States v. Ortiz-Gualajara,* 2017 WL 1906950 (D.Ariz. April 14, 2017) (noting "how little suspicion is raised by the [mere] presence of a vehicle registered in Phoenix traveling the highway near [southern Arizona]"). However, is it not appropriate to test the reasonableness of Agent Tagel's inference based on a single fact (*i.e.,* the vehicle registration city). Such inquiry would amount to precisely the "sort of divide-and-conquer analysis" prohibited by the Tenth Circuit. *Cheromiah,* 455 F.3d at 1221.

Accordingly, a number of courts have considered the vehicle's registration city - including the possibility that the driver was taking in indirect route - as part of the totality of the circumstances supporting reasonable suspicion. *See United States v. Arvizu*, 534 U.S. 266, 277 (2002) ("It was reasonable for [the agent] to infer from his observations, his registration check,

and his experience as a border patrol agent that respondent had set out from Douglas along a little-traveled route used by smugglers to avoid the 191 checkpoint"); *United States v. Olivares-Pachecho*, 633 F.3d 399, 404 (5th Cir. 2011) (holding that "the fact that a car was registered in [a city of 100,000 people], yet was taking an indirect route to [that city] which was less-heavily patrolled, added to reasonable suspicion"); *United States v. Bautista-Villanueva*, 524 Fed. Appx 476, 479 (11th Cir. July 25, 2013) (considering, as part of the *Brignoni-Ponce* analysis, fact that "the sedan was registered … out of … a known hub for alien smuggling").[1]

Consistent with this approach, Judge Sweazea considered the registration city along with other indicia of Defendant's suspicious and evasive behavior and concluded that the sixth *Brignoni-Ponce* factor weighed against suppression. The Court agrees that, based on the totality of the circumstances, the agents reasonably inferred Defendant was using State Road 9 to avoid immigration checkpoints and had reasonable suspicion for the stop. Defendant was driving in a high capacity vehicle on an isolated road less than two miles from the United States border; the vehicle was unusually clean compared to local traffic; the vehicle was travelling on a less direct, desirable route from Las Cruces (the registration city); the area was a known smuggling route; Defendant - the only occupant - braked erratically when he saw Agent Murillo; and a second occupant appeared in the vehicle when it approached Agent Tagle on the deserted highway.

The Court will therefore overrule Defendant's objection, adopt the PFRD, and deny the Motion.

---

[1] *See also United States v. Dominguez-Sanchez*, 77 Fed. Appx 216, 218 (5th Cir. Sept. 18, 2003) (finding reasonable suspicion where vehicle's registration suggested defendant was taking indirect route towards known drug hub). *Cf. United States v. Mendez*, 181 F. App'x 754, 759 (10th Cir. 2006) (unpublished) (explaining that Court considers "any aspects of the vehicle itself that might support a finding of reasonable suspicion" and citing to cases in the Fifth and Ninth Circuits which affirmed denial of motion to suppress where vehicle was, inter alia, registered in-state but not locally).

**IT IS THEREFORE ORDERED** that Defendant's objections to the Proposed Findings of Fact and Recommended Disposition (Doc. 47) are OVERRULED; and the Proposed Findings of Fact and Recommended Disposition (Doc. 46) are ADOPTED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (Doc. 31) is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**